

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-26-00151-CV

---

### In re Andrew Silva, Relator

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

Relator Andrew Silva filed this mandamus action and emergency motion for temporary relief against Respondent County Court at Law No. 3, El Paso County, Texas. Silva's substantive argument reads in its entirety as follows:

> A writ of possession has issued from County Court at Law No. 3, and the El Paso County Constable has posted notice requiring [Silva] to vacate his homestead **on or before April 22, 2026**. Absent immediate intervention by this Court, [Silva] will be forcibly removed from his residence, resulting in irreparable harm and rendering the relief sought in the mandamus proceeding moot.

> The petition demonstrates that the trial court exercised jurisdiction over an eviction action in which the right to possession depends upon the resolution of a pending and bona fide dispute over title. Additionally, the trial court improperly relied upon a Rule 736 order as having preclusive effect, contrary to Texas Rule of Civil Procedure 736.9. (emphasis in original).

> "Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial

court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal." *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding).

In addition, a petition for writ of mandamus must, "under appropriate headings and in the order here indicated," include the following: (1) identity of parties and counsel; (2) table of contents; (3) index of authorities; (4) statement of the case; (5) statement of jurisdiction; (6) issues presented; (7) statement of facts; (8) argument; (9) prayer; (10) certification that the person filing the petition "has reviewed [it] and concluded that every factual statement in [it] is supported by competent evidence included in the appendix or record"; and (11) appendix. Tex. R. App. P. 52.3. The argument must be "clear and concise," support the contentions made, and include "appropriate citations to authorities and to the appendix or record." *Id.* 52.3(i). The petition must be accompanied by a record that includes "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." Tex. R. App. P. 52.7(a).

Silva's petition is in the form of a two-page letter to the Clerk of this Court unaccompanied by an appendix or record, much less appropriate citations to authorities and the appendix or record. It contains no headings and lacks any content corresponding to more than half of the required headings. Lack of compliance with the requirements of Rules 52.3 and 52.7(a) by itself warrants denial of the petition. *See, e.g.*, *In re Rowe*, No. 05-16-00031-CV, 2016 WL 228840, at *1, n.2 (Tex. App.—Dallas Jan. 19, 2016, orig. proceeding) ("[D]eficiencies [in the certification required by Tex. R. App. P. 52.3(j) and Tex. R. App. P. 52.7(a)] alone constitute sufficient reason to deny mandamus relief[.]"); *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig.

proceeding) ("This court cannot make a sound decision based on an incomplete picture. But that is precisely what relator is asking us to do by her failure to provide a sufficient mandamus record. Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules.").

Moreover, here, lack of compliance with Rules 52.3 and 52.7(a) prevents us from conducting a meaningful review of Silva's complaint, which is stated in conclusory form only and does not address why Silva has no adequate remedy on appeal.

After reviewing the mandamus petition, we conclude that Silva has not established that he is entitled to relief. Accordingly, we deny the petition for mandamus. *See* Tex. R. App. P. 52.8(a). We further deny Silva's emergency motion for temporary relief as moot.

LISA J. SOTO, Justice

April 21, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.